UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**BETH P. GESNER**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-4288** |

March 28, 2016

Paul Rodney Schlitz, Jr., Esq.
Mering and Schlitz, LLC
343 N. Charles St., Third Floor
Baltimore, MD 21201

Amy C. Rigney, Esq.
Social Security Administration
6401 Security Blvd., Room 617
Baltimore, MD 21235

Subject:  Brian Daniels v. Carolyn Colvin, Acting Commissioner, Social Security
Civil No.: BPG-15-2085

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 2, 8), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 15) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 16). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 15) is denied and Defendant's Motion (ECF No. 16) is granted.

**I.     Background**

On January 26, 2012, plaintiff filed a Title XVI application for supplemental security income, alleging disability beginning on September 23, 2003. (R. at 31.) His claim was initially denied on April 24, 2012, and on reconsideration on September 26, 2012. (Id.) After a hearing held on March 5, 2014, an Administrative Law Judge ("the ALJ") issued a decision on April 10, 2014 denying benefits based on a determination that plaintiff was not disabled. (R. at 31-52.)[1]

The Appeals Council denied plaintiff's request for review on June 4, 2015, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1.) Plaintiff challenges the Commissioner's decision on two broad grounds. First, plaintiff asserts that the ALJ improperly evaluated the medical opinion evidence presented. Second, plaintiff claims that the ALJ erred in his RFC determination.[2]

---

[1] As the ALJ correctly indicates, plaintiff first filed an application for supplemental security income on November 27, 2007. (R. at 31.) This claim was denied initially and on reconsideration. A hearing was held before ALJ William K. Underwood on November 10, 2009. (Id.) ALJ Underwood denied plaintiff's request for benefits, and the Appeals Council upheld ALJ Underwood's decision. Plaintiff did not challenge of the ruling of the Appeals Council in this court, but did file the second application (dated January 26, 2012) on which the pending Motion is based. The scope of this court's review is limited to determining whether the opinion of ALJ Andrew M. Emerson, dated April 10, 2014, is supported by substantial evidence.

[2] Plaintiff's three propositions in support of this argument are addressed below.

Daniels v. Colvin
BPG-15-2085
March 28, 2016
Page 2

**II.      Discussion**

      First, plaintiff argues that the ALJ erred by failing to follow the treating physician rule as to the opinion of Dr. Cumming. (ECF No. 15-1 at 13-17.) Under the treating physician rule, the ALJ must generally give more weight to a treating physician's opinion. See 20 C.F.R. § 404.1527(c)(2).[3] Where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, however, it should be afforded significantly less weight. Craig, 76 F.3d at 590. Moreover, the ALJ is never required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(1). If a treating source's opinion is not given controlling weight, the ALJ must consider the following factors in deciding what weight to give the opinion: the length and frequency of treatment relationship, the nature and extent of treatment relationship, supportability, consistency, specialization, and any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1-6). An ALJ need not apply these factors in a mechanical fashion, so long as the ALJ articulates the reasoning behind the weight accorded to the opinion. Carter v. Astrue, 2011 WL 3273060, at *6 (D. Md. July 27, 2011).

      In support of his argument, plaintiff points to the ALJ's attribution of different weights to Dr. Cumming's treatment records. (R. at 47-48.) While it is true that the ALJ assessed Dr. Cumming's treatment records independently, the ALJ's reasons for doing so are well articulated in his decision. With respect to the records from October 24, 2011 (R. at 587-88), at which time the treating physician reported a GAF[4] of 60, the ALJ stated that he "finds persuasive, accords significant weight to, and accepts the opinion of Dr. Cumming." (R. at 47.) In accepting Dr. Cumming's opinion, the ALJ noted that it was "supported by evidence and explanation and is consistent with and not contradicted by the record as a whole." (Id.)

---

[3] As a threshold matter, plaintiff's assertion that, "a treating physician's testimony is ignored *only* if there is persuasive contradictory evidence" misstates the governing legal standard for the treating physician rule. (ECF No. 15-1 at 13 (quoting Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir. 1986)). The rule announced in Foster was superseded by 1991 amendments to the regulations. See Stroup v. Apfel, 205 F.3d 1334 (table) (4th Cir. 2000). The proper legal standard is outlined above.

[4] The court recently addressed the evolving role of the GAF, or global assessment of functioning, scale in psychiatric practice. Siddiqui v. Colvin, 95 F. Supp. 3d 833, 838, note 2 (D. Md. 2015). There, the court explained:

> "The GAF…scale rates psychological, social, and occupational functioning; it is divided into ten ranges of functioning. Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. text rev.2000) [hereinafter DSM–IV–TR]. A GAF rating between 51 and 60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). Id. at 34. The current edition of the manual eliminated the GAF scale for reasons including 'its conceptual lack of clarity (i.e., including symptoms, suicide risk, and disabilities in its descriptors) and questionable psychometrics in routine practice.' Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed.2013)."

Id. The ALJ also addressed problems with using the GAF to evaluate disability. (R. at 50.)

Plaintiff's argument, however, is targeted at the subsequent treatment records to which the ALJ attributed less weight.  The ALJ attributed "only modest weight" to Dr. Cumming's October 3, 2012 opinion, at which time Dr. Cumming reported plaintiff's GAF to be 50.  (R. at 48.)  While the ALJ recognized that the opinion was rendered by a treating physician, the ALJ noted that the score was inconsistent with the fact that the "mental status evaluation of [plaintiff] that day was largely normal."  (Id.)  The record confirms the ALJ's finding of a "largely normal" mental status evaluation, indicating that plaintiff was alert and oriented to person, place, and time, non-psychotic, without suicidal or violent tendencies, albeit with a depressed mood.  (R. at 627.)  As the ALJ may attribute lesser weight to the treating physician's opinion when that opinion is inconsistent with other record evidence, it cannot be said that the ALJ erred in attributing lesser weight to the lower GAF score reported by Dr. Cumming on that date.  Craig, 76 F.3d at 590.

The ALJ attributed "minimal weight" to the Dr. Cumming's November 19, 2012 and December 21, 2012 opinions, at which times Dr. Cumming assessed a GAF score of 50.  Although the ALJ recognized that these were the opinions of a treating doctor, the ALJ attributed only "minimal weight" to them because "the mental status evaluations performed these days by Dr. Cumming were entirely normal." (R. at 48.)  Dr. Cumming's November 19 treatment notes state that plaintiff "returns today for medication check," "did not run out of medications," and "wants to continue treatment at this time."  (R. at 634.)  At the December 21 visit, plaintiff reported that he "feels current medication not effective for managing symptoms," and "wants to make changes in medication."  (R. at 641.)  The treatment notes from both dates indicate plaintiff's mental status to be: "alert, oriented to person, time and place, no evidence of hallucinations or delusions, thoughts are organized, no expression of suicidal or homicidal ideation, mood is stable, behavior is cooperative.)  (R. at 634, 641.)  Notwithstanding these largely normal reports, Dr. Cumming assessed plaintiff's GAF score to be 50.  (Id.)  The low GAF assessments indicated thus appear inconsistent with the largely normal mental status evaluations by Dr. Cumming himself.  (Id.)  Thus, the ALJ's decision to attribute minimal weight to these treatment notes was supported by substantial evidence.

Lastly, the ALJ explained in great detail why he "accords minimal weight" to the opinion rendered by Dr. Cumming on June 5, 2013, noting no fewer than six reasons why the treating doctor's opinion should not be given controlling weight.  (R. at 48.)  Particularly noteworthy are the ALJ's comments (1) that "the doctor's own reports fail to reveal the type of significant clinical laboratory abnormalities that one would expect if the [plaintiff] were in fact disabled," and (2) that "Dr. Cumming provided no explanation for the severe limitations endorsed."[5]  (Id.)  June 5, 2013 was the date on which Dr. Cumming completed a "Mental Assessment of Ability to Do Work-Related Activities" for plaintiff—in support of plaintiff's now-pending application for benefits.  ("the Mental Assessment") (R. at 652-54.)  In the Mental Assessment, Dr. Cumming categorically stated that plaintiff had "poor to no[]" ability to perform any work-related function.

---

[5] These comments represent the sixth and third explanations given by the ALJ in the opinion.  (R. at 48.)  As the undersigned need only find that the ALJ's decision is supported by "substantial evidence," it is not necessary to address each of the ALJ's reasons for attributing non-controlling weight to the treating doctor's opinion.  Craig, 76 F.3d at 590.

(Id. at 652.) Yet, Dr. Cumming also indicated that plaintiff had a "good" ability to "maintain[] personal appearance" and a "fair" ability to "behave[] in an emotionally stable manner" and to "relate[] predictably in social situations." (Id. at 653.) Dr. Cumming further noted that plaintiff could "manage benefits in his [] own interest." (Id. at 654.) The ALJ correctly noted that while the Mental Assessment expressly provides the treating doctor the opportunity to explain the medical/clinical findings that support the assessments given, Dr. Cumming offered no such explanation. (Id. at 652-54.) Without the benefit of specific medical/clinical explanation for the opinions rendered on the Mental Assessment, and viewing these opinions in light of Dr. Cumming's prior treatment records in which plaintiff's mental status was largely normal (see R. at 641), the ALJ was justified in attributing "minimal weight" to the opinions given on the Mental Assessment. The ALJ's opinion was supported by substantial evidence.

In light of the fact that plaintiff's argument targets the ALJ's decision to attribute less than controlling weight to the GAF scores assessed by Dr. Cumming, it bears mention that, "GAF scores, even when reliable and from acceptable medical sources, do not govern an ALJ's analysis. '[A] GAF score is not determinative of whether a person is disabled. Rather, the Social Security Administration does not endorse the use of the GAF in Social Security and SSI disability programs, and it does not directly correlate to the severity requirements in the mental disorders listings.'" Copes v. Comm'r, Soc. Sec. Admin., Civ. No. SAG-11-3487, 2013 WL 1809231, at *3 (D. Md. Apr. 26, 2013) (quoting Melgarejo v. Astrue, 2009 WL 5030706, at *2 (D. Md. Dec.15, 2009)).

Second, plaintiff claims that the ALJ erred in his RFC determination. Specifically, plaintiff argues that "[t]he ALJ never explained how the limitation to simple, routine, and repetitive tasks accounts for moderate difficulties with concentration, persistence, or pace," as required under Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (ECF No. 15-1 at 17-18.) Defendant argues, however, that "the ALJ in this case did not merely limit [plaintiff] to simple, routine, and repetitive tasks. Rather, the ALJ incorporated additional limitations specifically related to requiring a "low stress" work environment (defined as having no strict production quotas) and only occasional interaction with the public, co-workers, and supervisors…" (ECF No. 16-1 at 11.) Defendant more accurately characterizes the ALJ's RFC determination. (See R. at 39.) This court has noted that "a restriction to work that is 'low stress (no strict production quotas)' [] in many cases adequately addresses a moderately impaired ability to sustain concentration, persistence, and pace." Robbins v. Comm'r, Soc. Sec. Admin., Civ. No. SAG-14-3326, 2015 WL 8490918, at *2, n. 1 (D. Md. Dec. 10, 2015). As the RFC here not only includes the "no strict production quotas" limitation, but an additional limitation on the degree of plaintiff's social interaction in the workplace, it is evident that ALJ carefully interpreted plaintiff's physical and mental limitations in reaching his RFC determination. Thus, it cannot be said that the ALJ left this court "to guess about how the ALJ arrived at his conclusions on [Plaintiff's] ability to perform relevant functions…" Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015).

Plaintiff also asserts that the ALJ failed to fully explain his decision in determining plaintiff's RFC. (ECF No. 15-1 at 18-21.) Specifically, plaintiff asserts that the ALJ did not

sufficiently explain how he considered the opinions offered by several medical experts (Dr. Dale, Dr. Weiner, and Dr. Taylor-Ennis) who either treated plaintiff or analyzed his medical records. (Id.) Plaintiff's claim with respect to Drs. Dale, Weiner, and Taylor-Ennis, however, ignores the ALJ's extensive discussion of their findings earlier in the opinion. (R. at 42-3.) There, the ALJ noted numerous medical findings which indicated to the ALJ that claimant maintained the capacity to perform some types of work. (Id.) Thus, while the ALJ did not repeat his earlier discussion (including the specific findings relied upon) in his subsequent consideration of the weight to be attributed to each doctor's opinion, the ALJ both by reference and by citation to the record made clear that he considered "all of the relevant medical and other evidence." Brooks v. Comm'r, Soc. Sec. Admin., Civ. No. SAG-10-2178, 2013 WL 150008, at *1 (D. Md. Jan. 10, 2013).

Plaintiff similarly asserts that the ALJ did not sufficiently consider the opinion of plaintiff's treating therapist, Mr. Koch, stating that, "the ALJ makes no other mention of the ongoing, longstanding treatment Mr. Koch provided to [plaintiff], nor assigns it any weight." (ECF No. 15-1 at 20.) This claim is directly contradicted by the ALJ's opinion:

> "The undersigned accords only moderate weight to the opinion of Mr. Koch, the claimant's treating therapist, as to the GAF score of 50 (Exhibit B13F) as mental status evaluations performed shortly thereafter by a medically acceptable source were normal, although Mr. Koch's opinion is supported by evidence and explanation and is provided by a treating source with a longstanding treatment relationship with the claimant (Exhibits B12F and B13F). In addition, Mr. Koch is not an acceptable medical source."

(R. at 47) (emphasis added). Plaintiff thus incorrectly asserts that the ALJ did not consider Mr. Koch's opinion. Nor, in light of the conflicting evidence given by a medically acceptable source, can it be said that the ALJ erred by attributing less weight to Mr. Koch's "other source" opinion. See Hawkins v. Comm'r, Soc. Sec. Admin., Civ. No. SAG-13-3774, 2014 WL 5381852, at *3 (D. Md. Oct. 21, 2014). The ALJ's decision to attribute less weight to Mr. Koch's opinion is supported by substantial evidence.

Finally, plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 15-1 at 21-22.) Plaintiff's argument merely reiterates claims previously made. For the reasons stated above, this argument is unpersuasive.

In sum, the ALJ's discussion is supported by substantial evidence.

### III.  Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 15) is DENIED and Defendant's Motion (ECF No. 16) is GRANTED.

Despite the informal nature of this letter, it will constitute an Order of the court and will

be docketed accordingly.

                                            Very truly yours,

                                                  /s/

                                            Beth P. Gesner
                                            United States Magistrate Judge